UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOMC CO., LTD., : | |
| : | |
| Plaintiff, : | |
| : | CASE NO. 3:14-cv-01222-VAB |
| v. : | |
| : | |
| CALMARE THERAPEUTICS : | JUNE 15, 2015 |
| INCORPORATED : | |
| : | |
| Defendant. : | |

**RULING ON MOTION TO COMPEL**

## I.  INTRODUCTION

Plaintiff GEOMC Co., Ltd. ("Plaintiff") moved under Federal Rule of Civil Procedure 37 to compel Defendant Calmare Therapeutics Incorporated ("Defendant") to provide complete answers to its Second Set of Interrogatories (the "Interrogatories") and for sanctions against Defendant for its failure to comply with its discovery obligations and an order of this Court.  The Court held a telephonic status conference on June 15, 2015, and during that conference granted in part and denied in part Plaintiff's motion.  The Court ruled that Defendant's responses to the Interrogatories were evasive or incomplete, Fed. R. Civ. P. 37(a)(4), and ordered Defendant to supplement its responses.  The Court did not enter sanctions against Defendant, but ordered that Plaintiff may recover its reasonable expenses under Rule 37(a)(5)(A).

## II.  BACKGROUND & RULING

GEOMC sold CTI certain medical devices under a license agreement.  CTI has not paid GEOMC the full purchase price of the devices, or returned the devices to

1

GEOMC. CTI denies any obligation to provide full payment for the devices or return them, at least in part because it claims that some of the devices are defective.

Plaintiff served the Interrogatories on Defendant on February 9, 2015. The Interrogatories consisted of seven inquiries requesting, *inter alia*, four individuals' job responsibilities and the factual bases upon which CTI determined that these individuals had knowledge concerning the contractual arrangement between CTI and GEOMC.

As of April 21, 2015, Defendant had not responded to the Interrogatories. That day, the Court held a telephonic status conference and ordered CTI to respond to the Interrogatories on or before May 1, 2015, or notify the Court why it could not practicably respond by that date. Defendant sent Plaintiff its responses on Saturday, May 2 without notifying the Court why it could not respond earlier. By letter dated May 4, 2015, Defendant's counsel notified the Court that the delay in complying with the Court's order was due in part to CTI providing incomplete answers to its counsel.

On May 5, 2015, before Plaintiff filed the instant Motion to Compel, Defendant advised Plaintiff that it would supplement its responses to certain questions, but believed that its responses to the rest of the questions were complete.

Plaintiff nonetheless filed the instant Motion to Compel on May 5, 2015 contending that Defendant's answers to the Interrogatories were incomplete and evasive. Plaintiff complained that Defendant failed to identify the duration of one individual's employment, failed to identify the job responsibilities of three individuals, and failed to provide the factual bases upon which CTI determined that the individuals had knowledge concerning the contractual arrangement between CTI and GEOMC. Defendant's answers generally provided only the individuals' job titles, rather than

describing their job responsibilities and knowledge of the facts of this case.  Plaintiff also sought sanctions against Defendant because of its failure to comply timely with its discovery obligations and with the Court's April 21, 2015 order.

The Court held telephonic status conferences on May 7, 2015 and May 15, 2015 to resolve this and other disputes.

On May 19, 2015, Defendant served supplemental responses on Plaintiff, identifying the duration of one individual's employment and elaborating on that individual's job responsibilities.  Defendant did not supplement its responses with respect to the other four individuals.  Defendant maintained that its answers were complete at that time.

The Court held a telephonic status conference on June 15, 2015 to resolve this and several other pending motions.  During that conference, the Court granted in part and denied in part the instant Motion to Compel.  The Court granted the Motion to Compel on the ground that Defendant's answers to the Interrogatories were evasive or incomplete, Fed. R. Civ. P. 37(a)(4), in that they failed to identify with sufficient particularity the relevant individuals' job responsibilities and the factual bases upon which CTI concluded that these individuals had knowledge of the parties' contractual arrangements.  *See Cathay Pac. Airways, Ltd. v. Fly & See Travel, Inc.*, No. 90 CIV. 0371 (JES), 1991 WL 156381, at *4 (S.D.N.Y. Aug. 8, 1991) (granting motion to compel where defendants initially did not respond to interrogatories and then, after court expressly ordered defendant to respond to interrogatories during a conference, gave evasive and incomplete answers).

The Court denied sanctions because the parties' ongoing settlement negotiations and the difficulties of communication and cooperation between CTI and its counsel primarily caused the delay in responding to the Interrogatories, and because CTI's one-day delay in complying with the Court's April 21, 2015 order was not sufficiently egregious to warrant sanctions.  *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (imposing sanctions for discovery misconduct is within discretion of district court); *Leftridge v. Bourgeois*, No. 3:07CV1166 VLB, 2012 WL 2016188, at *1 (D. Conn. June 5, 2012) (denying request for sanctions where plaintiff merely failed to answer properly certain interrogatories).

Finally, the Court ruled that Plaintiff could recover its reasonable expenses, including attorneys' fees, incurred in moving to compel Defendant to supplement its answers, because, barring circumstances not present here, such an award is mandatory under Rule 37(a)(5)(A).  *Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013) ("[A] court must order a sanction under Rule 37(a)(5) if it is forced to grant a motion to compel discovery or the requested discovery is provided after such a motion was filed."); *Cathay Pac. Airways, Ltd.*, 1991 WL 156381, at *4 (awarding reasonable expenses to party who brought motion to compel against party who provided evasive and incomplete answers to interrogatories after Court expressly ordered more complete responses during a conference).

SO ORDERED at Bridgeport, Connecticut this fifteenth day of June, 2015.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE