UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOMC CO., LTD., : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:14-CV-01222 (VAB) |
| : | |
| CALMARE THERAPEUTICS, : | |
| INCORPORATED, : | |
|     Defendant. : | |

**RULING ON MOTION TO COMPEL**

On April 28, 2017, the Court held a post-discovery telephonic status conference with the parties in this case, GEOMC Co., Ltd. ("GEOMC" or "Plaintiff") and Calmare Therapeutics, Incorporated ("CTI" or "Defendant"). In advance of this conference, the parties filed submissions in connection with a disagreement regarding whether GEOMC should be required to produce its Chief Executive Officer ("CEO"), Young H. Lim, for a deposition. On May 12, 2017, CTI filed a motion to compel Ms. Lim's deposition, and GEOMC filed its opposition on May 19, 2017. For the reasons outlined below, CTI's motion to compel is **GRANTED IN PART AND DENIED IN PART**, and CTI's motion for sanctions is **DENIED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

According to the filings submitted by the parties, CTI initially noticed both Ms. Lim, GEOMC's CEO, and Seung B. Oh, GEOMC's Executive Vice President, as corporate designees for GEOMC under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Lim 30(b)(6) Not., Def. Ex. A, ECF No. 164-1; Oh 30(b)(6) Not., Def. Ex. G, ECF No. 164-7. Both 30(b)(6) deposition notices were dated November 20, 2015. GEOMC claims that it objected to Ms. Lim's 30(b)(6) deposition as "duplicative and burdensome" and offered to "consider making Ms. Lim

1

available to address additional topics" in the event that Mr. Oh's 30(b)(6) deposition was insufficient. Pl. Mem. in Opp. at 2, ECF No. 166.

In a separate deposition notice dated March 23, 2017, CTI sought to depose Ms. Lim individually, not as a Rule 30(b)(6) corporate designee. Lim Dep. Not., Def. Ex. B, ECF No. 164-2. Although the Court's Scheduling Order specified that discovery should close by April 14, 2017, *see* Scheduling Order, ECF No. 151, CTI arranged for the deposition of Ms. Lim to take place on April 26, 2017. On April 24, 2017, GEOMC informed CTI that it would not produce Ms. Lim. CTI Notice, ECF No. 154.

## II. STANDARD OF REVIEW

Under Rule 26 of the Federal Rules of Civil Procedure, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative…." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery…." Fed. R. Civ. P. 26(c)(1). "[R]edundant depositions should be avoided, and senior executives should be deposed only if they possess unique personal knowledge related to the relevant issues in the case." *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, No. 07 CIV. 9580 (HB), 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008) (citing *Consol. Rail Corp. v. Primary Indus. Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sep. 10, 1993)).

## III. DISCUSSION

CTI seeks an order compelling the in-person deposition of Ms. Lim in the United States, as well as the imposition of sanctions on GEOMC for their failure to produce Ms. Lim. CTI insists that Ms. Lim, as CEO of GEOMC, has relevant information that has not already been provided by the Rule 30(b)(6) deposition of Mr. Oh. CTI further argues that GEOMC has waived its right to object to the deposition of Ms. Lim because it failed to file a motion for protective order after receiving notice of Ms. Lim's deposition. GEOMC, on the other hand, objects to the deposition of Ms. Lim, arguing that Ms. Lim's testimony is duplicative of Mr. Oh's testimony.

### a. Duplicative Testimony

CTI initially sought to depose Ms. Lim as an additional 30(b)(6) witness, *see* Def. Ex. A, but later adjusted the deposition notice to depose her as an individual employee of the company, *see* Def. Ex. B. "'The testimony provided by a corporate representative at a [Rule] 30(b)(6) deposition binds the corporation. This is quite unlike a deposition of an employee of the corporation, which is little more than that individual employee's view of the case and is not binding on the corporation.'" *Cipriani v. Dick's Sporting Goods, Inc.*, No. 3:12-CV-910 (JBA), 2012 WL 5869818, at *2 (D. Conn. Nov. 19, 2012) (quoting *New Jersey v. Sprint Corp.*, No. 03–2071–JWL, 2010 WL 610671, at *1 (D. Kan. Feb. 19, 2010)).

GEOMC argues that CTI has already obtained all of the necessary information through its Rule 30(b)(6) deposition of Mr. Oh, claiming that CTI cannot identify any relevant areas about which Ms. Lim has unique personal knowledge. However, CTI points out that, unlike the deposition of Mr. Oh, the deposition of Ms. Lim would not be a Rule 30(b)(6) deposition, thus the deposition of Ms. Lim could result in additional relevant information not discussed with Mr.

Oh. *See id.* Accordingly, the Court is not convinced that Ms. Lim's testimony would be entirely duplicative of Mr. Oh's testimony, and Ms. Lim's deposition should not be precluded on this basis.

CTI's motion to compel is granted in part. GEOMC is ordered to work with CTI to arrange the deposition of Ms. Lim within twenty (20) days of the date of this Order.

### b. Location of Deposition

"[D]iscovery should be limited if … 'the burden or expense of the proposed discovery outweighs its likely benefit' taking into consideration the needs of the case, the amount in controversy, other methods of obtaining the information, the importance of the issues to the litigation, and the importance of this particular discovery tool in resolving the issues." *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 CIV. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005) (quoting Fed. R. Civ. P. 26(b)(2)). CTI insists that the deposition of Ms. Lim take place in person, within the United States, while GEOMC argues that the deposition of Ms. Lim anywhere would be unduly burdensome. Ms. Lim resides in South Korea.

The Court declines to require Ms. Lim to travel from South Korea to the United States for this late deposition.[1] In order to minimize the potential burden to GEOMC, the deposition of Ms. Lim may be taken remotely, by videoconference. *See* Fed. R. Civ. P. 26(c)(1) (allowing the Court to "specify[] terms, including time and place or the allocation of expenses, for the disclosure or discovery"); *Brockway v. Veterans Admin. Healthcare Sys.*, No. 3:10-CV-719, 2011 WL 1459592, at *8 (D. Conn. Apr. 15, 2011) (requiring depositions to be taken at the

---

[1] In the Court's February 6, 2017 Scheduling Order, the close of discovery was scheduled for April 14, 2017. Scheduling Order, ECF No. 151. Ms. Lim's deposition was not scheduled to take place until April 26, 2017, nearly two weeks after the close of discovery in this matter. Neither CTI nor GEOMC sought an extension of the discovery deadlines in this case.

4

United States Attorneys' Office in New Haven, Connecticut based on "[a]nalyses of cost, convenience, and litigation efficiency"); *see also Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975) ("It is well settled that the district court has great discretion in designating the location of taking a deposition").  A deposition by video should enable CTI to effectively question Ms. Lim about any necessary topics while also allowing for the parties to arrange translation services as needed.[2]

CTI's motion to compel is denied as to the specific location of Ms. Lim's deposition. This denial is without prejudice to renewal in the event that a deposition by videoconference proves unable to accomplish the goals of this deposition.

### c. Sanctions

Finally, CTI seeks an order sanctioning GEOMC for its failure to produce Ms. Lim on the date of the scheduled deposition.  *See* Fed. R. Civ. P. 30(d)(2) ("[T]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delay, or frustrates the fair examination of the deponent.").

While CTI correctly notes that GEOMC failed to request a discovery conference on this matter or file a motion for protective order before the formal close of discovery, the Court also notes that CTI, too, failed to request an early discovery conference regarding this dispute, despite having notice of GEOMC's opposition to Ms. Lim's deposition.  Accordingly, the Court determines that sanctions against GEOMC would be inappropriate at this time, and CTI's motion for sanctions is denied.

---

[2] If the parties agree to an in-person deposition, Ms. Lim may also be deposed in the United States.

## IV. CONCLUSION

CTI's motion to compel is **GRANTED IN PART AND DENIED IN PART**. GEOMC is hereby ordered to produce Young H. Lim for an individual deposition by no later than twenty (20) days following the date of this Order. The deposition may take place via videoconference, and in the event that the deposition of Ms. Lim by videoconference proves ineffective, CTI may renew their motion to depose Ms. Lim in the United States. CTI's motion for sanctions is **DENIED**.

SO ORDERED this 25th day of May, 2017 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE