UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEOMC CO., LTD., | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:14-cv-01222 (VAB) |
| | : | |
| CALMARE THERAPEUTICS, | : | |
| INCORPORATED, | : | |
|     Defendant. | : | |

**RULING ON MOTIONS *IN LIMINE* AND EVIDENTIARY DISPUTES**

GEOMC Co., Ltd. ("Plaintiff," or "GEOMC") brought this case against Calmare Therapeutics, Incorporated ("Defendant," or "CTI"), claiming that CTI failed to pay for or return certain medical devices that GEOMC manufactured and supplied to CTI. Complaint, ECF No. 1; Sec. Am. Compl., ECF No. 137. A bench trial in this matter is scheduled to begin on Monday, September 25, 2017.

GEOMC has filed a motion *in limine* seeking to preclude the introduction of certain evidence. Pl. Mot. *in Limine*, ECF No. 191. Although CTI did not file any motions *in limine*, CTI also made requests in the joint trial memorandum regarding additional evidentiary disputes. Specifically, CTI seeks an adverse inference and seeks to preclude the admission of a particular trial exhibit. Joint Trial Mem., ECF No. 190.

For the reasons outlined below, GEOMC's [191] Motion *in Limine* is **GRANTED**. CTI's request for an adverse inference is **DENIED AS MOOT**, and CTI's request to preclude the admission of Plaintiff's Exhibit 4 is **DENIED** without prejudice to renewal in the context of trial.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This case has now been pending for over three years. Despite the voluminous filings during that time, the underlying dispute between the parties is relatively simple. GEOMC claims

that it manufactured and supplied certain medical devices to CTI under an agreement entered into by the parties in 2007 ("2007 Agreement") and that CTI breached this agreement by failing to fully pay for those devices. *See* Ruling Re: Mot. for Summ. J. at 2-7, ECF No. 187. GEOMC also claims that it entered into a security agreement with CTI in 2012 ("2012 Security Agreement"), which entitled GEOMC to the return of 393 devices in the event of a contractual breach. *Id.* GEOMC claims that CTI failed to return those devices despite its breach of the 2007 Agreement.

GEOMC filed its initial Complaint in August 2014 and amended its Complaint in October 2014. Compl., ECF No. 1; Am. Compl., ECF No. 29. In September 2015, CTI sought leave to amend its Answer in order to add numerous affirmative defenses and counterclaims, *see* Def. Mot. for Leave to Am. Compl., ECF No. 109, and GEOMC simultaneously sought leave to amend its Amended Complaint by adding an additional claim for breach of contract, *see* Pl. Cross-Mot. to Amend, ECF No. 120. After extensive briefing from the parties, the Court granted leave for GEOMC to file a Second Amended Complaint and directed CTI to file a new Answer directed to that complaint. Order, ECF No. 136.

After CTI filed its Answer to GEOMC's Second Amended Complaint, GEOMC moved to strike several affirmative defenses and counterclaims from CTI's Answer, arguing that CTI's new revisions improperly sought to expand the scope of the case beyond the limited changes reflected in the Second Amended Complaint. Pl. Mot. to Strike, ECF No. 139. The Court granted in part and denied in part GEOMC's motion, limiting CTI's affirmative defenses and counterclaims to those that the Court determined would not expand the scope of the case or result in prejudice to GEOMC. Ruling Re: Mot. to Strike, ECF No. 144.

Following the Court's ruling on GEOMC's motion to strike, the following claims remained on the part of GEOMC: Breach of Contract, Replevin, Wrongful Detention, Conversion, Unjust Enrichment, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). *Id.* The Court, however, struck numerous affirmative defenses and counterclaims from CTI's answer as impermissibly and prejudicially expanding the scope of this case.[1] *Id.* Among those defenses and counterclaims that were allowed to remain in the case were CTI's claims that (1) damages owed by CTI should be offset by damages owed by GEOMC and (2) CTI "overpaid" GEOMC by the amount of $32,000. *Id.*

The day after the Court's ruling on GEOMC's motion to strike, the Court issued an Order expressing concern about the significant delay associated with this case, citing to the numerous revisions to the scheduling order and the multiple unsuccessful settlement conferences. Order, ECF No. 145. The Court then set an expedited schedule "in light of the age and relatively narrow scope of this case[,]" providing that trial would commence in early August. *Id.*; Sched. Order, ECF No. 148. Following the Court's Scheduling Order, the parties again requested an extension of time to conduct limited additional discovery. Def. Mot. for Ext. of Time, ECF No. 149. The Court granted the extension, once again expanding the deadline for discovery in this matter, and issued a new Scheduling Order, resulting in the current trial date of September 25, 2017. Scheduling Order, ECF No. 148.

Following the conclusion of discovery in this case, GEOMC filed a motion for summary judgment on all claims. Pl. Mot. for Summ. J., ECF No. 169. For the first time in this case, in CTI's opposition to GEOMC's motion for summary judgment, CTI argued that GEOMC owed CTI money for sales of medical devices made in Korea under a distributorship agreement the

---

[1] Specifically, the Court rejected CTI's efforts to include counterclaims that referenced agreements and third parties that were distinct from those referenced in GEOMC's Second Amended Complaint. *Id.*

parties entered into in 2008 ("2008 Korea Distributorship"). Def. Mem. in Opp., ECF No. 175. According to CTI, this agreement constituted an amendment to the original 2007 Agreement, through which GEOMC was obligated to pay royalties to CTI in connection with sales of GEOMC's medical devices in Korea. *Id.* GEOMC objected to the inclusion of this argument in CTI's opposition, noting that CTI never specifically included this argument as a counterclaim in its Answer to the Second Amended Complaint and that CTI never conducted any discovery on this question. Pl. Reply Br., ECF No. 178.

The Court granted in part and denied in part GEOMC's motion. The Court granted summary judgment as to CTI's liability for GEOMC's breach of contract claim and denied summary judgment as to damages. Order, ECF No. 187. The Court also granted summary judgment as to GEOMC's claims for replevin, wrongful detention and conversion and denied summary judgment with respect to GEOMC's CUTPA claim. *Id.* In its ruling, the Court acknowledged CTI's claim regarding device sales in Korea, but declined to directly address the validity of this claim, noting that this argument was not material to the questions of law at issue on summary judgment. *Id.* at 22-23.

In light of the Court's summary judgment ruling, the parties' earlier disputes regarding CTI's liability for breach of contract, replevin, wrongful detention and unjust enrichment are no longer before the Court. The Court has concluded that, as a matter of law, CTI is liable to GEOMC under these various theories; the only disputes remaining to be resolved relate to the specific amount of damages owed in connection with CTI's violations.

A final pre-trial conference was held on September 13, 2017. Minute Entry, ECF No. 193. In advance of that conference, GEOMC submitted a motion *in limine* seeking to preclude evidence related to CTI's claims regarding sales made by GEOMC in Korea, *see* Pl. Mot. *in*

*Limine,* ECF No. 191. The parties also submitted a joint trial memorandum outlining evidentiary disputes regarding (1) CTI's entitlement to an adverse inference regarding the specific number of sales made in Korea, and (2) the admissibility of GEOMC's proposed Exhibit 4. *See* Joint Trial Mem., ECF No. 190.

## II. STANDARD OF REVIEW

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 3:09-CV-1955 VLB, 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). Courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III. DISCUSSION

### A. Plaintiff's Motion *in Limine* Re: Sales in Korea [ECF No. 191]

GEOMC seeks to preclude from admission at trial any evidence related to CTI's claim that GEOMC owes CTI money for sales of medical devices in Korea. Pl. Mot. *in Limine*, ECF No. 191. According to GEOMC, this claim is not validly before the Court because CTI failed to include it in its pleadings, and the inclusion of this claim at trial would unduly prejudice GEOMC. The Court agrees, and GEOMC's motion is granted.

5

CTI insists that its current pleadings adequately encompass its claim regarding sales in Korea, thus this claim is properly included in this case. Def. Mem. in Opp. at 1-2, ECF No. 196. Specifically, CTI argues that this claim is reflected in the language of one of its affirmative defenses, which states that "[a]ny damages alleged to be owed by Defendant are set-off with the amounts Plaintiff owes to Defendant." Answer to Sec. Am. Compl. ¶ 95, ECF No. 138. CTI also argues that GEOMC "never moved to dismiss the affirmative defense[] of set-off," thus it has waived its ability to argue that Korean sales are not at issue in this case. *Id.*

It is undisputed, however, that the pleadings never specifically mention either the 2008 Korea Distributorship or CTI's alleged entitlement to proceeds from device sales in Korea in the pleadings. The record in this case is also clear that CTI did not make any meaningful discovery requests in connection with this claim during the discovery process and that CTI never specifically referenced this claim until the conclusion of discovery in this case.

Under Rule 8 of the Federal Rules of Civil Procedure, pleadings, which include counterclaims, must include a "short and plain statement" of a party's claims sufficient to give the other party "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and quotations omitted); *Gen. Motors Corp. v. Dealmaker, LLC*, No. 07-CV-141, 2007 WL 2454208, at *2 (N.D.N.Y. Aug. 23, 2007) ("[A] pleading is sufficient if it gives the opponent fair notice of the claims asserted, the grounds upon which they rest, and states claims upon which relief could be granted."). GEOMC correctly states that CTI's generic assertion regarding a "set-off" of damages fails to provide GEOMC with any meaningful notice of the nature of CTI's defenses and counterclaims in this case. Accordingly, this claim was never properly pled, and because CTI never requested leave to

amend its Answer to specifically include this claim in its pleadings, this claim is still not properly before the Court.

Additionally, the Court's own prior rulings in this case indicate that, at this stage, it would be inappropriate for the Court to consider CTI's alleged entitlement to payments from sales made under the 2008 Korea Distributorship. Under the long-standing "law of the case doctrine" principle, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented*, 466 U.S. 144 (1984). According to this doctrine, a court's own prior decisions "'should generally be adhered to…' unless 'cogent and compelling reasons militate otherwise.'" *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).

The language of the Court's prior rulings in this case clearly indicates that CTI is prohibited from expanding this case to include additional parties and agreements, as such expansion would be prejudicial and would result in undue delay. *See* Ruling Re: Mot. to Strike at 12, ECF No. 144 (striking all counterclaims that would "greatly expand the relatively narrow scope of this case" or "prejudice GEOMC by substantially increasing the cost and time required to litigate this matter"); Order, ECF No. 145 (adopting an expedited schedule in light of the "relatively narrow scope of this case" and the Court's concerns about undue delay). If the Court were to allow the presentation of evidence in connection with CTI's belated claim regarding sales in Korea, GEOMC would suffer significant prejudice, as GEOMC was never put on notice that these arguments would be part of the case until after the close of discovery. Furthermore, it would dramatically expand the scope of this case, as it would require the introduction of significant testimony and other evidence regarding the formation of the 2008 Korea

Distributorship, whether or not the agreement required GEOMC to make payments to CTI, the specific number of devices sold in Korea, and the prices for which those devices were sold. None of this information was explicitly sought during discovery in this case.

The Court further notes that it has consistently made itself available to the parties to discuss and resolve discovery related disputes. *See* Order, ECF No. 168 (granting in part and denying in part motion to compel); Minute Entry, ECF No. 155 (regarding post-discovery telephonic status conference held on April 28, 2017); Minute Entry, ECF No. 128 (regarding status conference held on November 30, 2015 to discuss extension of discovery deadlines); Order, ECF No. 89 (regarding discovery conference held on July 1, 2015); Minute Entry, ECF No. 83 (regarding discovery conference held on June 22, 2015); Order, ECF No. 78 (denying motion to compel and referencing discovery conference held on June 15, 2015). Throughout the course of this litigation, if CTI had any concerns about its ability to adequately investigate its claims regarding its entitlement to a set-off of damages based on sales made in Korea, it could have sought the assistance of the Court. CTI, however, never brought this concern to the Court during discovery in this case.

Accordingly, the admission of evidence regarding CTI's claim regarding sales in Korea is properly excluded, as it is not validly before the Court and its inclusion at this late stage would contradict the "law of the case" doctrine. As this claim is not at issue in the upcoming bench trial of this matter, the disputed evidence is not relevant to the narrow question of damages under the 2007 Agreement and 2012 Supply Agreement that remains to be resolved, and the evidence is properly excluded under Rule 403 of the Federal Rules of Evidence. *See* Fed. R. Evid. 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence."); *see also Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) ("[T]he court's determination of what constitutes 'relevant evidence' is guided by the nature of the claims and defenses in the cause of action.").

GEOMC's motion *in limine* is granted, and CTI's request for an adverse inference regarding the number of devices sold in Korea is denied as moot.

### B. Defendant's Request Re: Plaintiff's Exhibit Four

In the text of the joint trial memorandum, CTI alleges that GEOMC's Exhibit 4, which is a spreadsheet detailing the amounts owed and devices shipped under the 2007 Agreement, is inadmissible at trial. Joint Trial Mem. at 21, ECF No. 190. Specifically, CTI argues that Exhibit 4 is "a conclusory chart without supporting documents" that is "defective and inadmissible" under Rule 1006 of the Federal Rules of Evidence and "has no probative value...." *Id.* In response, GEOMC contends that Exhibit 4 is not a summary chart under Rule 1006, but rather is a legitimate business record that GEOMC maintained in the regular course of business even before initiating this litigation. GEOMC further argues that, even if Exhibit 4 were treated as a summary chart, it would still be admissible because, contrary to CTI's representations, GEOMC has specified the documents supporting its calculations.

Rule 1006 of the Federal Rules of Evidence permits parties to "use a summary, chart, or calculation to prove the content of voluminous writings ... that cannot be conveniently examined in court." Fed. R. Evid. 1006. "A summary must of course be based on foundation testimony connecting it with the underlying evidence summarized ... and must be based upon and fairly represent competent evidence already before the jury...." *Fagiola v. Nat'l Gypsum Co. AC & S.*, 906 F.2d 53, 57 (2d Cir. 1990).

In the context of trial, GEOMC will have an opportunity to lay an evidentiary foundation for the admission of this testimony. *See Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287 ("reserv[ing] judgment on the motion [*in limine*] until trial when admission of particular pieces of evidence is in an appropriate factual context"). Accordingly, CTI's request is denied without prejudice to renewal at trial, when the Court will be able to consider this exhibit in context. Exhibit 4 is not precluded at this time, and CTI may renew its motion in the event that GEOMC is unable to lay a proper foundation for the admission of this evidence at trial.

## IV. CONCLUSION

GEOMC's [191] Motion *in Limine* is **GRANTED**. CTI may not introduce any evidence at trial pertaining to its claim of entitlement to damages from sales made by GEOMC in Korea. CTI's request for an adverse inference regarding sales in Korea is **DENIED AS MOOT**.

CTI's request to preclude the admission of proposed Exhibit 4 is **DENIED** without prejudice to renewal at trial. The Court will determine whether to admit this document into evidence in the context of the other evidence presented at trial, after GEOMC has had an opportunity to lay a proper foundation.

SO ORDERED this 22nd day of September, 2017 in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE