UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

GEOMC CO., LTD.,
    Plaintiff,

v.

CALMARE THERAPEUTICS, INC.,
    Defendant.

No. 3:14-cv-1222 (VAB)

**RULING AND ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS**

GEOMC Co., Ltd. ("Plaintiff"), has moved for attorneys' fees and costs against Calmare Therapeutics, Inc. ("Defendant" or "CTI"). Mot. for Fees, ECF No 219.

For the reasons set forth below, the Court **GRANTS** the motion for attorneys' fees and costs and awards GEOMC $836,442.05 in attorneys' fees and $5,231.80 in costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural posture of this case, and reiterates the facts and procedural history to the extent necessary for this ruling. *See* Sept. 29 Ruling, ECF No. 212; Dec. 29 Ruling, ECF No. 238; Ruling on GEOMC's Mot. Summ. J. ("MSJ Ruling"), ECF No. 187.

This case arises out of a dispute over payment of pain management devices ("devices") that GEOMC provided to CTI. Sept. 29 Ruling at 2. The parties entered into several agreements that governed the payment plans for the devices. *Id.* at 3–4. CTI, however, fell behind on its payments and, by 2011, owed GEOMC $3,858,402. *Id.* at 4–5. CTI committed to a payment plan that required the company to pay monthly installments of $200,000 in the remaining months of 2011 and $300,000 beginning in 2012, but CTI again failed to pay those bills. *Id.* at 5.

1

In May 2012, the parties entered into a Security Agreement that granted GEOMC a security interest in 273 devices located at CTI's warehouse in Stamford, Connecticut, and 120 devices located in CTI's warehouse in Charlotte, North Carolina, in consideration for the delivery of the devices. Sec. Agmt., ECF No. 171-5; *see also* Dec. 29 Ruling at 3; MSJ Ruling at 4–5. The Security Agreement also stated that, if CTI defaulted on its payments, CTI would be required to:

> pay on demand all costs and expenses, including without limitation, reasonable attorneys' fees and expenses, incurred by or on behalf of [GEOMC], (a) in enforcing the Obligations and (b) in connection with the taking, holding, preparing for sale or other disposition, selling, managing, collecting or otherwise disposing of the Collateral.

Sec. Agmt. ¶ 9. The agreement also provided that CTI would pay:

> any and all expenses incurred or paid by [GEOMC] in establishing, defending, protecting or enforcing its security interest or rights upon or under the Obligations or with respect to the Collateral or in collecting all amounts due, including, without limitation, all of [GEOMC's] reasonable attorneys' fees . . . .

Sec. Agmt. ¶ 13.

In August 2014, GEOMC sued CTI for failing to pay for the devices. Compl., ECF No. 1; Dec. 29 Ruling at 3; Second Am. Compl., ECF No. 137 at 13–18. After the parties engaged in discovery and filed dispositive motions, the Court issued an Order granting summary judgment on GEOMC's breach of contract claim with respect to CTI's liability for failing to pay GEOMC for the devices sold after 2011, and denying summary judgment with respect to CTI's liability for any devices that had not yet been sold. MSJ Ruling at 1. The Court also granted GEOMC's motion on its claims for replevin, wrongful detention, conversion, and unjust enrichment. *Id.* Finally, the Court denied the motion with respect to the claim under the Connecticut Unfair

Trade Practices Act. *Id.* The Court also left for trial any disputes as to the amount of damages owed under the contracts. *Id.*

On September 25 and 26, 2017, the Court held a bench trial, after which the Court entered judgment in favor of GEOMC and against CTI. Dec. 29 Ruling at 5 (citing ECF Nos. 206–07, 212–13). On September 29, 2017, the Court awarded a judgment of $4,673,406.00 with interest amounting to $5,678,764.41, together totaling $10,352,170.41. Judgment at 2, ECF No. 213. The Court also ruled that, if by December 31, 2017, CTI had failed to satisfy the judgment GEOMC would be authorized to take possession of the devices. *Id.*; Dec. 29 Ruling at 5. The judgment also directed GEOMC to submit any application for fees and costs within thirty days. Judgment at 3.

On October 30, 2017, GEOMC applied for attorneys' fees and expenses, claiming an entitlement to recover attorneys' fees under the parties' Security Agreement. Memo. in Support of Mot. for Fees ("Memo. for Fees") at 1, ECF No. 219-1. GEOMC seeks $1,264,704.30, based on fees and costs paid to two sets of lawyers—Cohen & Gresser LLP, which represented GEOMC from the case's inception until September 2015, and Dentons US LLP, which represented GEOMC during the latter part of the case. *Id.*

On December 22, 2017, CTI filed an emergency motion to approve alternative security or, in the alternative, a motion to stay the judgment pending appeal. Dec. 29 Ruling at 6 (citing ECF Nos. 231–32). The Court ordered an expedited briefing schedule and, on December 29, 2017, denied CTI's motion to approve alternative security or, in the alternative, to stay the judgment pending appeal. Dec. 29 Ruling at 21. The Court also, however, granted a temporary stay until January 5, 2018, and instructed that if CTI moved with the Second Circuit to stay the

judgment pending appeal, a temporary stay would remain in effect until the Second Circuit resolved the motion to stay. *Id.*

On April 18, 2018, the Second Circuit granted CTI's request for a stay. ECF No. 239. The Court now addresses the pending motion for attorneys' fees.

## II. STANDARD OF REVIEW

In a lawsuit based on diversity, "[s]tate law creates the substantive right to attorney's fees[.]" *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 873 (2d Cir. 1994) (quoting *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992)). Connecticut's substantive law on attorneys' fees therefore will apply because GEOMC asserted state law contract claims against CTI. *See* Am. Compl. at 13–18 (asserting claims based on replevin, wrongful detention, conversion, the Connecticut Unfair Trade Practices Act, and unjust enrichment, each stemming from CTI's breach of the parties' contract).

"Connecticut adheres to the 'American rule' regarding attorney's fees"—that is, "in the absence of statutory or contractual authority to the contrary, a successful party is not entitled to recover attorney's fees or other 'ordinary expenses and burdens of litigation . . . .'" *Total Recycling Servs. of CT., Inc. v. Connecticut Oil Recycling Servs., LLC*, 308 Conn. 213, 326 (2013) (quoting *TES Franchising, LLC v. Feldman*, 286 Conn. 132, 148 (2008)). A specific contract, however, may entitle a party to recover attorney's fees and costs. *Id.* at 327. In that case, the court must "apply the well established principle that '[a] contract must be construed to effectuate the intent of the parties, which is determined from [its] language . . . interpreted in the light of the situation of the parties and the circumstances connected with the transaction.'" *Id.* (quoting *FCM Group, Inc. v. Miller*, 300 Conn. 774, 811 (2011)).

4

Even when a prevailing party is entitled to fees and costs under a contract, that party still must make an evidentiary showing that the application is reasonable. *Id.* at 327–28. To determine whether an application for attorneys' fees is reasonable, the court may consider its "general knowledge" of the proceedings held before it and of reasonable compensation rates, but that general knowledge may be defeated by countervailing evidence that the amount is unreasonable. *Id.* (citing *Smith v. Snyder*, 267 Conn. 456, 472 (2004) ("Even though a court may employ its own general knowledge in assessing the reasonableness of a claim for attorney's fees, we also have emphasized that 'no award for an attorney's fee may be made when the evidence is insufficient.'") (quoting *Appliances, Inc. v. Yost*, 186 Conn. 673, 680 (1982)).

The Court will calculate a reasonable fee award by determining a reasonable hourly rate and multiplying that rate by the reasonable number of hours required for the litigation. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)[1]; *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and Albany Bd. of Elections*, 522 F.3d 182, 186 (2d Cir. 2008) (abandoning the term "lodestar" and instead instructing the court, "in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate" and then "use that reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee'").[2] The result of multiplying reasonable hours by reasonable

---

[1] The Court will rely primarily on Connecticut law in this case that arises under diversity jurisdiction. *See Banker*, 37 F.3d at 873. Because Connecticut courts, however, also consider federal cases in determining attorneys' fees calculations, *see, e.g.*, *Rice v. Ryders Health Mgmt., Inc.*, 2016 WL 3769093, at *4–5 (Conn. Super. Ct. June 16, 2016) (citing the United States Supreme Court and the Fifth Circuit), this Court will also consider federal caselaw on the subject.

[2] Certain courts in the Second Circuit have interpreted *Arbor Hill* as establishing a four-step process, "as the court must: (1) determine the reasonable hourly rate; (2) determine the number

fees "is 'only presumptively reasonable'; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 3:10-cv-60 (JBA), 2012 WL 4092515, at *2 (D. Conn. Sept. 17, 2012) (quoting *Robinson v. City of New York*, No. 05-cv-9545 (GEL), 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009)).

## III. DISCUSSION

### A. Entitlement to Fees

GEOMC, having prevailed at trial, seeks to recover attorneys' fees and costs under paragraphs nine and thirteen of the Security Agreement governing the parties' relationship and under Federal Rule of Civil Procedure 54(d). Memo. for Fees at 3; Fed. R. Civ. P. 54(d). CTI argues that GEOMC is not entitled to recover attorneys' fees, first because the Security Agreement is invalid, and second because GEOMC was required to establish the amount of its fees at trial rather than in a post-trial motion. Opp. to Mot. for Fees at 1, ECF No. 230. The Court agrees with GEOMC.

The Court has already determined that the Security Agreement is valid. MSJ Order at 25 ("[T]he undisputed facts demonstrate that the 2012 Security Agreement was valid and binding as to both GEOMC and CTI."); *see also* Reply to Opp. to Mot. for Fees at 2 ("By executing the Security Agreement, CTI agreed to pay GEOMC's attorneys fees."); Opp. to Mot. for Fees at 3 (acknowledging that "this Court has already concluded that GEOMC is entitled to an award of attorney's fees in this action," but arguing that the Court should reconsider that conclusion).

---

of hours reasonably expanded; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Adorno v. Port Auth. of New York and New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010); *see also Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 3:10-cv-60 (JBA), 2012 WL 4092515, at *2 (D. Conn. Sept. 17, 2012) (quoting *Adorno* and adopting four-step process).

Moreover, the Court instructed GEOMC to file a motion for fees and costs within thirty days of the entry of judgment. Judgment ¶ 6. And the valid Security Agreement requires CTI, in the event of default, to pay "all costs and expenses," including reasonable attorneys' fees. *See* Sec. Agmt. ¶¶ 9, 13.

The Court's instructions and the law of the case therefore will apply, and the Court will consider GEOMC's application for fees and costs. *See United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) ("[W]hen a court has ruled on an issue that decision should generally be adhered to by that court in subsequent stages in the same case."). The Court therefore must determine whether GEOMC's application for $1,264,704.30, is reasonable.

### B. Reasonable Rates

In Connecticut, "[i]t is well established that a trial court calculating a reasonable attorney's fee makes its determination while considering the factors set forth under rule 1.5(a) of the Rules of Professional Conduct." *Schoonmaker v. Lawrence Brunoli, Inc.*, 265 Conn. 210, 259 (2003). Under that rule, the Court considers "the time and labor spent by the attorneys, the novelty and complexity of the legal issues, fees customarily charged in the same locality for similar services, the lawyer's experience and ability, relevant time limitations, the magnitude of the case and the results obtained, the nature and length of the lawyer-client relationship, and whether the fee is fixed or contingent." *Id*.

A reasonable hourly rate is determined by the prevailing market rate, which, in Connecticut, typically means "'the billing rates of [other attorneys in] the District of Connecticut,' even if counsel has its primary offices elsewhere." *Schuman v. Aetna Life Ins. Co.*, 3:15-cv-01006 (SRU), 2017 WL 2662191, at *8 (D. Conn. June 20, 2017) (quoting *Smart SMR of N.Y. v. Zoning Comm'n of Town of Stratford*, 9 F. Supp. 2d 143, 149 (D. Conn. 1998)). The

7

Court may, however, "award 'out-of-district fees' to attorneys from outside Connecticut 'if a reasonable, paying client would have retained out-of-district counsel.'" *Id.* (quoting *Arbor Hill*, 522 F.3d at 186). "[T]he fee applicant has the burden of showing by 'satisfactory evidence—in addition to the attorney's own affidavits'—that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

1.  **Fees and Costs for Cohen & Gresser LLP**

From June 2014 until September 2015, Cohen & Gresser represented GEOMC. Memo. for Fees at 5; Invoices, *id.* Ex. D, ECF No. 219-6. GEOMC claims that, during that time, Cohen & Gresser sent invoices totaling $916,000 for fees, and that GEOMC paid the firm $410,000, leaving $506,000 unpaid. Mot. for Fees at 5 n.1; *see also id.* Ex. D (invoices from Cohen & Gresser). GEOMC seeks to recover the $410,000 in attorney's fees and costs paid to Cohen & Gresser. *Id.*

The invoices submitted by GEOMC from Cohen & Gresser show that ten individuals worked on GEOMC's case, for the following rates:

| Attorney/Paralegal | Position | Billing Rate on Invoice |
|---|---|---|
| Lawrence T. Gresser | Partner | $750 |
| S. C. Sohn | Partner | $650–$725 |
| Oliver Haker | Counsel | $595–$650 |
| Sophia Soejung Kim | Associate | $425 |
| Sang Min Lee | Associate | $300–$375 |
| Yejee Lee | Not included in the record | $200 |
| Svetlana Malenkova | Not included in the record | $165 |
| Huascar Matos | Not included in the record | $165 |
| Jeff Sherman | Not included in the record | $165 |

8

| Jason Fischer | Not included in the record | $165 |

*See* Memo. for Fees Ex. D (Invoices), Ex. E (Biographies). GEOMC argues that, by "limiting its fee application, for time devoted to this action by Cohen & Gresser, to an amount equal to what GEOMC paid Cohen & Gresser . . . GEOMC ensures that the compensation sought does not exceed fair compensation for time that was [reasonably] and necessarily expended by Cohen & Gresser for GEOMC to prevail in this action, indirectly reduces the hourly rate sought, and ensures that GEOMC does not seek compensation for duplication of effort that may have occurred as a result of the change in GEOMC's legal counsel." *Id.* at 8.

The Court's calculation of attorneys' fees, however, should not be based on any amount that GEOMC has or has not paid to Cohen & Gresser. The Court will instead calculate "reasonable compensation for services" based on GEOMC's evidentiary showing of the reasonable market rate for attorneys' fees and the reasonable hours that the attorneys spent on the case. *See Total Recycling Servs.*, 308 Conn. at 327–28 (explaining that, even when a contract establishes entitlement to attorneys' fees, "the party seeking the award of fees must first satisfy a threshold evidentiary showing" and the Court may use its "'general knowledge of what would be reasonable compensation for services which are fairly stated and described . . . and . . . may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees . . .'") (quoting *Smith*, 267 Conn. at 471–72); *see also Schuman*, 2017 WL 2662191, at *8 ("Connecticut district courts typically 'consider the billing rates of the District of Connecticut,' even if counsel has its primary offices elsewhere.") (citing *Smart SMR of N.Y.*, 9 F. Supp. 2d at 149).

CTI argues that GEOMC has not carried its burden of establishing that the Court should award out-of-district rates. Opp. to Mot. for Fees at 7 (citing, *e.g.*, *Arbor Hill*, 522 F.3d at 190

9

(stating that a paying client would "in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally"). CTI therefore proposes the following rates, which CTI argues are consistent with the Connecticut market:

| Attorney/Paralegal | Position | Billing Rate on Invoice | CTI's recommended rate |
| --- | --- | --- | --- |
| Lawrence T. Gresser | Partner | $750 | $500 |
| S. C. Sohn | Partner | $650–$725 | $400 |
| Oliver Haker | Counsel | $595–$650 | $350 |
| Sophia Soejung Kim | Associate | $425 | $200 |
| Sang Min Lee | Associate | $300–$375 | $200 |
| Yejee Lee | Not included in the record | $200 | $125 |
| Svetlana Malenkova | Not included in the record | $165 | $125 |
| Huascar Matos | Not included in the record | $165 | $125 |
| Jeff Sherman | Not included in the record | $165 | $125 |
| Jason Fischer | Not included in the record | $165 | $125 |

Opp. to Mot. for Fees at 15–17.

The Court agrees that GEOMC has not carried its burden to establish that Cohen & Gresser's fees should exceed those of the rates prevailing in this District. *See Farbotko*, 433 F.3d at 209 ("[T]he fee applicant has the burden of showing by 'satisfactory evidence—in addition to the attorney's own affidavits'—that the requested hourly rates are the prevailing market rates.") (quoting *Blum*, 465 U.S. at 896 n.11). GEOMC argues that it should be awarded a flat sum of $410,000 for Cohen & Gresser's legal services and expenses because that number already reflects a reduction in the amount that Cohen & Gresser billed. *See* Mot. for Fees at 5; Reply to Opp. to Mot. for Fees at 5 ("If Cohen & Gresser's fees were recalculated using [ ] local rates, its fees would total $465,275. However, GEOMC seeks to recover less than that, seeking only the

$410,000 it paid to Cohen & Gresser. This represents 45% of what Cohen & Gresser billed. Therefore no further reduction to Cohen & Gresser's fees is needed to reflect local rates.").

As discussed above, however, the Court declines to base the award amount on the amount that GEOMC paid to Cohen & Gresser. Instead, based on knowledge of the rates prevailing in the district and the history of this case, the Court will award attorneys' fees to GEOMC for Cohen & Gresser's time at the following rates:

| Attorney/Paralegal | Position | Billing Rate on Invoice | Awarded Rate |
|---|---|---|---|
| Lawrence T. Gresser | Partner | $750 | $500 |
| S. C. Sohn | Partner | $650–$725 | $425 |
| Oliver Haker | Counsel | $595–$650 | $375 |
| Sophia Soejung Kim | Associate | $425 | $275 |
| Sang Min Lee | Associate | $300–$375 | $225 |
| Yejee Lee | Not included in the record | $200 | $125[3] |
| Svetlana Malenkova | Not included in the record | $165 | $125 |
| Huascar Matos | Not included in the record | $165 | $125 |
| Jeff Sherman | Not included in the record | $165 | $125 |
| Jason Fischer | Not included in the record | $165 | $125 |

The Court finds these rates commensurate with billable rates in Connecticut. *See Perdue*, 559 U.S. at 551 (requiring that a fee award "*roughly* approximate[] the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case"); *see also In re Aggrenox Antitrust Litig.*, 2017 WL 4679228, at *8 (D. Conn. Oct. 18, 2017) ("The highest hourly rate awarded to date in a published

---

[3] While the submission suggested a different hourly rate for Yejee Lee in contrast to four others from Cohen and Gresser, Svetlana Malenkova, Huascar Matos, Jeff Sherman, and Jason Fischer, there is nothing in the record to justify this distinction. As a result, the Court treats all of these employees the same.

Connecticut case appears to be $525 per hour.") (citing *Barati v. Metro-North R.R. Co.*, 939 F. Supp. 2d 153, 156 (D. Conn. 2013)).

### 2. Fees and Costs for Dentons US LLP

Dentons represented GEOMC beginning in September 2015. Notice of Appearance, ECF No. 111. The two primary lawyers on the case were Richard M. Zuckerman, Esq., and Kristen B. Weil, Esq., with assistance from Timothy J. Straub, Esq., Karen Ogle, and Patrice Ho Sang. Memo. for Fees at 5–6. GEOMC applies for fees based on the following rates for those individuals:

| Attorney/Paralegal | Position | Billing Rate Requested | Regular Billing Rates (2015–2017) |
| --- | --- | --- | --- |
| Richard M. Zuckerman | Partner | $800 | $900–$1,020 |
| Kristen B. Weil | Senior Managing Associate | $600 | $630–$715 |
| Timothy J. Straub | Associate | $265 | $265 |
| Karen Ogle | Senior Paralegal | $250 | $345–$375 |
| Patrice Ho Sang | Senior Paralegal | $250 | $295–$325 |

*Id.* at 6. GEOMC argues that these requested rates, which GEOMC argues are lower than each individual's typical rate and commensurate with the New York market, are reasonable. *Id.*

CTI, in contrast, argues that Dentons's hours, like Cohen & Gresser's hours, should be calculated based on in-district rates. Opp. to Mot. for Fees at 9–10. CTI argues that the following rates should apply:

| Attorney/Paralegal | Position | Billing Rate Requested | CTI's Recommended Rate |
| --- | --- | --- | --- |
| Richard M. Zuckerman | Partner | $800 | $500 |
| Kristen B. Weil | Senior Managing Associate | $600 | $275 |
| Timothy J. Straub | Associate | $265 | $200 |
| Karen Ogle | Senior Paralegal | $250 | $125 |

12

| Patrice Ho Sang | Senior Paralegal | $250 | $125 |

The Court agrees with GEOMC that, for Dentons, out-of-district rates should apply. *See Arbor Hill*, 522 F.3d at 191 ("[A] district court may use an out-of-district hourly rate—or some rate in between the out-of-district rate sought and the rates charged by local attorneys—in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates."); *see also Tyco Healthcare Grp. LP*, 2012 WL 4092515, at *2 ("National rates have been recognized as warranted where the expertise and specialty justify it."). The Court finds that it is "reasonable under the circumstances" that, when GEOMC sought replacement counsel for Cohen & Gresser, the "approximate market rate for an attorney's services" would increase. *See Arbor Hill*, 522 F.3d at 192. That is, GEOMC's failure to pay Cohen and Gresser in full meant Dentons would be taking on a client with a greater risk of not being paid. This risk is reasonably within the range of circumstances sufficient to justify rates slightly above rates normally charged within this District *See, e.g.*, *Tyco Healthcare Grp. LP*, 2012 WL 4092515, at *2 (awarding out-of-district rates, including $850 per hour for a patent attorney partner at DLA Piper's New York office, and noting, "the Court is persuaded that a national rate is warranted here because of the high stakes, the technical complexity, and multiplicity of claims and defenses regarding multiple patents and multiple products").

The Court therefore awards GEOMC rates for Dentons, slightly above in-district rates as follows:

| Attorney/Paralegal | Position | Billing Rate Requested | Awarded Rate |
|---|---|---|---|
| Richard M. Zuckerman | Partner | $800 | $675 |
| Kristen B. Weil | Senior Managing Associate | $600 | $500 |
| Timothy J. Straub | Associate | $265 | $215 |

| Karen Ogle | Senior Paralegal | $250 | $150 |
| Patrice Ho Sang | Senior Paralegal | $250 | $150 |

### B. Reasonably Expended Hours

The second requirement of the lodestar is to determine "the number of hours." *Perdue,* 559 U.S. at 546. As a general matter, hours should be determined using contemporaneous records that specify the attorney, the hours spent, and "the nature of the work done." *Genn v. New Haven Bd. of Educ.*, No. 3:12-cv-00704 (CSH), 2017 WL 3022321, at *3 (D. Conn. July 17, 2017) (*quoting New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

#### 1. Cohen & Gresser

Cohen & Gresser billed GEOMC for the following hours, based on invoices recorded contemporaneously with the first part of this litigation:

| **Attorney/Paralegal** | **Position** | **Hours** |
|---|---|---|
| Lawrence T. Gresser | Partner | 7.7 |
| S. C. Sohn | Partner | 74.7 |
| Oliver Haker | Counsel | 764.1 |
| Sophia Soejung Kim | Associate | 132.5 |
| Sang Min Lee | Associate | 622.9 |
| Yejee Lee | Not included in the record | 36 |
| Svetlana Malenkova | Not included in the record | 1.5 |
| Huascar Matos | Not included in the record | 26.7 |
| Jeff Sherman | Not included in the record | 2.9 |
| Jason Fischer | Not included in the record | 48.4 |

Memo. for Fees, Ex. D.

CTI argues that the hours billed by Cohen & Gresser should be reduced "in light of the significant amount of non-compensable time spent on Plaintiff's failed attempt to obtain a temporary restraining order, and the numerous excessive, wasteful, and vague entries." Opp. to Mot. for Fees at 24. Specifically, CTI argues that GEOMC "cannot recover for any time related to Cohen & Gresser's failed attempt to obtain a temporary restraining order in this case." *Id.* CTI also argues that Cohen & Gresser has billed for excessive and duplicative hours for tasks such as drafting the initial complaint, performing a default judgment analysis, and writing a response to a motion to dismiss. *Id.* at 25. Finally, CTI argues that entries such as "Attention to strategies" or "Emails with team" are vague. *Id.* at 26. CTI therefore argues that the Court should reduce the number of hours that Cohen & Gresser has billed by ten percent. *Id.* (citing, *e.g.*, *Conn. Hosp. Ass'n v. O'Neill*, 891 F. Supp. 687, 691 (D. Conn. 1994) ("A percentage reduction method has been approved by the Second Circuit 'as a practical means of trimming fat from a fee application.' Accordingly, for those entries which are too vague to adequately assess reasonableness, the court deducts ten percent from the fee request.") (quoting *Carey*, 711 F.2d at 1146)).

The Court has discretion to reduce the hours billed when time entries are vague, overly broad, or represent limited success on the part of the prevailing party. *See U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 414 (2d Cir. 1989) (noting district court's "attempt to identify specific hours that should be eliminated" or to "simply reduce the award to account for limited success." (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983))); *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172–73 (2d Cir. 1998) (district court has discretion to "deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application," for "excessive, redundant, or otherwise unnecessary" entries, or for

"vagueness, inconsistencies, and other deficiencies in the billing records"); *see also Green v. City of New York*, 403 Fed. App'x 626, 630 (2d Cir. 2010) (affirming district court's review of block billing that resulted in a "15% across-the-board reduction" for unreasonableness and vagueness); *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010) (finding block-billed time records provided sufficient detail to award fees but noting that "[w]hile 'block-billing' is disfavored and may lack the specificity required for an award of attorneys' fees, it is not prohibited as long as the Court can determine the reasonableness of the work performed") (internal citations and quotation marks omitted).

The Court agrees with CTI that the hours recorded, totaling 1717.40 hours, are excessive, given the scope of this case and that much of this work occurred two years before the case went to trial. *See, e.g.*, *Jaeger v. Cellco P'ship*, No. 3:11-cv-1948 (SRU), 2015 WL 1867661, at *4 (D. Conn. 2015) (reducing number of hours after considering scope and complexity of case). GEOMC, however, is not arguing anything different, since it seeks to recover less than 50% of what Cohen and Gresser billed it. *See* Reply to Opp. to Mot. for Fees at 4–5 (stating that $410,000 "represents 45% of what Cohen & Gresser billed"). As a result, in light of this concession on the issue of "excessive, redundant, or otherwise unnecessary entries," the Court will issue a fifty (50) percent across-the-board reduction of the hours expended by Cohen and Gresser and will reduce the number of hours from 1,717.40 to 858.7 hours.[4]

---

[4] For example, as CTI points out, the law firm spent a considerable amount of questionable time seeking a motion for a temporary restraining order, but produced little to no evidence probative of irreparable harm. *See* ECF No. 78 (denying relief sought and noting that "[w]ithout additional facts regarding the condition of the devices at issue and the timing of CTI's alleged plans to sell those devices, the Court cannot conclude that irreparable harm is likely in the absence of an injunction, and therefore GEOMC has not made a clear showing that it is entitled to the extraordinary remedy it seeks."). The Court finds this and similar expenditures of time not compensable.

## 2. Dentons

The motion for fees also includes a schedule of legal services performed by Dentons. Mot. for Fees Ex. B, ECF No. 219-4. GEOMC states that, "[i]n compiling this Application, Plaintiff's counsel exercised billing judgment in eliminating time entries that were not deemed appropriate." Mot. for Fees at 8. GEOMC represents that Dentons spent a total of 1,622.60 hours on this litigation:

| Attorney/Paralegal | Position | Total Hours |
|---|---|---|
| Richard M. Zuckerman | Partner | 275.45 |
| Kristen B. Weil | Senior Managing Associate | 818.45 |
| Timothy J. Straub | Associate | 118.90 |
| Karen Ogle | Senior Paralegal | 205.90 |
| Patrice Ho Sang | Senior Paralegal | 203.90 |

Zuckerman Decl. ¶ 8; Mot. for Fees Ex. B.

CTI argues that the attorneys' fees award for Dentons should be reduced by an additional twenty percent "to account for a significant number of non-compensable, excessive, and vague entries." Opp. to Mot. for Fees at 20. CTI argues that GEOMC cannot recover for any time related to a breach of contract claim based on a 2007 License Agreement. *Id.* In addition, CTI argues that Dentons has billed for excessive time, including by billing over seventy-five hours for an opposition to a motion for leave to file an amended or corrected answer, and at least two hundred hours for pre-trial preparation. *Id.* at 21–22. Finally, CTI argues that Dentons included many excessive and vague entries, including time for reviewing discovery, trial preparation, and reviewing client documents. *Id.* at 22–23 (citing *Perez v. Lasership, Inc.*, 3:15-mc-00031 (CSH)
17

2015 WL 8750965, at *8 (D. Conn. Dec. 14, 2015) ("A number of courts have reduced hours for vagueness at a rate of 10%.")).

The Court disagrees that GEOMC is not entitled to any attorneys' fees based on GEOMC's breach of contract claim against CTI for the 2007 Agreement. The 2007 Agreement, in addition to the 2012 Security Agreement, was a part of the facts underlying the claims against CTI in this case. *See* MSJ Order at 2–4, 11–13 (including 2007 Agreement in statement of facts and discussing it in light of breach of contract claim); *Total Recycling Servs. of Ct., Inc.*, 308 Conn. at 333 ("[W]hen certain claims provide for a party's recovery of contractual attorney's fees but others do not, a party is nevertheless entitled to a full recovery of reasonable attorney's fees if an apportionment is impracticable because the claims arise from a common factual nucleus and are intertwined.").

The Court agrees, however, that some of the entries in Dentons's time sheets are vague or excessive, to some extent the result of the "'block billing,'—i.e., billing a large number of hours for multiple tasks—which do not permit the Court to determine actual time spent on particular tasks . . . ." *Tyco Healthcare Grp. LP*, 2012 WL 4092515, at *3. As a result, the Court reduces the number of reasonable hours expended by fifteen percent from 1622.60 hours to 1,379.21 hours to ensure that GEOMC is compensated only for reasonable time spent. *Id.*

C.  **Award of Attorneys' Fees**

The Court therefore awards GEOMC a total award of attorneys' fees of $836,442.05.

The total award for attorney's fees for Cohen & Gresser, based on the hourly rates discussed above and the total number of hours discussed above and further addressed below, therefore equals $256,581.25, calculated as follows:

| Attorney/Paralegal | Position | Hours x Rate = Fee |
|---|---|---|
| Lawrence T. Gresser | Partner | 3.85 x 500 = $1,925.00 |
| S. C. Sohn | Partner | 37.35 x 425 = $15,873.75 |
| Oliver Haker | Counsel | 382.05 x 375 = $143,268.75 |
| Sophia Soejung Kim | Associate | 66.25 x 275 = $18,218.75 |
| Sang Min Lee | Associate | 311.45 x 225 = $70,076.25 |
| Yejee Lee | Not included in the record | 18 x 125 = $2,250.00 |
| Svetlana Malenkova | Not included in the record | 0.75 x 125 = $93.75 |
| Huascar Matos | Not included in the record | 13.35 x 125 = $1,668.75 |
| Jeff Sherman | Not included in the record | 1.45 x 125 = $181.25 |
| Jason Fischer | Not included in the record | 24.2 x 125 = $3,025.00 |
| | | Total: $256,581.25 |

The total award for attorney's fees for Dentons, based on the hourly rates discussed above and the total number of hours discussed above and further addressed below, therefore equals $579,860.80 calculated as follows:

| Attorney/Paralegal | Position | Hours x Rate = Fee |
|---|---|---|
| Richard M. Zuckerman | Partner | 234.13 x 675 = $158,037.75 |
| Kristen B. Weil | Senior Managing Associate | 695.69 x 500 = $347,845.00 |
| Timothy J. Straub | Associate | 101.07 x 215 = $21,730.05 |
| Karen Ogle | Senior Paralegal | 175.01 x 150 = $26,251.50 |
| Patrice Ho Sang | Senior Paralegal | 173.31 x 150 = $25,996.50 |
| | | Total: $579,860.80 |

Having determined that GEOMC is entitled to a total award of attorneys' fees of $256,581.25 for Cohen & Gresser's time and $579,860.80 for Dentons's time, for a total of $836,442.05, the Court determines that further adjustments, both with respect to the requested hourly rate and the number of hours, are not warranted. *See Tyco Healthcare Group*, 2012 WL

4092515, at *1 ("The amount [resulting from multiplying reasonable hours by reasonable rates] 'is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors.'"). The reductions noted above sufficiently address any concerns about the appropriateness of the attorneys' fee award sought here.

The Court therefore finds that a total award of attorneys' fees of $836,442.05 is appropriate.

### D. Costs

Finally, GEOMC seeks reimbursement for Dentons's filing and transcript fees, interpretation services, and court expenses in the amount of $5,231.80. Mot. for Fees at 13; *id.*, Ex. C (itemized list of expenses). CTI does not object to GEOMC's application for costs. Opp. to Mot. for Fees at 30. The Court therefore approves this application for costs of $5,231.80.[5]

## CONCLUSION

For the foregoing reasons, GEOMC's application for attorneys' fees and costs is **GRANTED**. The Court awards GEOMC $836,442.05 in attorneys' fees and $5,231.80 in costs.

SO ORDERED this 25th day of May, 2018, in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[5] GEOMC requested $410,000 for both fees and expenses incurred by Cohen & Gresser. *See* Zuckerman Decl. at 13 (seeking "$410,000 in fees and expenses for services rendered by GEOMC's prior counsel, Cohen & Gresser"). Because GEOMC did not separately request costs, the Court limits its analysis to the extent expenses from Cohen & Gresser have been discussed above.